# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD R. FANZ,<br><br>    Plaintiff,<br><br>v.<br><br>SAGE HEALTHCARE PARTNERS,<br><br>    Defendant. | Civil Action No.: 1:22-cv-6628<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW the Plaintiff, EDWARD FANZ (hereinafter, the "Plaintiff"), respectfully alleges the following claims against SAGE HEALTHCARE PARNTERS (hereinafter, the "Defendant"), as for his complaint against the above captioned defendants, upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Age Discrimination in Employment Act of 1967, seeking damages to redress the injuries that the Plaintiff suffered as a result of unlawful discrimination, hostile work environment, and termination by the Defendant solely due to his age.

2. Essentially, the Defendant terminated a highly experienced 64-year-old management level Director of Maintenance with an exemplary 27-year employment history at a continuing care retirement community (hereinafter, "CCRC") without cause and instead due to age discrimination against him.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon this Court as this action involves a Federal Question under the Age Discrimination in Employment Act of 1967 (hereinafter, the "ADEA"), as codified in 29 U.S.C. §§ 621 to 634.

4. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

3. This action involves a question of Federal Law under the ADEA.

4. Venue is proper in this district as the Plaintiff was employed by the Defendant within the State of New Jersey, and all events that gave rise to this action took place in New Jersey.

5. The matter in controversy exceeds $100,000.

6. On or about May 24, 2022, the Plaintiff filed EEOC charge number 530-2022-02621.

7. On or about August 15, 2022, the EEOC issued the Plaintiff a Right to Sue Letter. (attached hereto as **Exhibit "A"**).

8. This action is commenced within ninety (90) days of the Plaintiff's receipt (August 17, 2022) of the EEOC Right to Sue Letter, and all conditions precedent to the maintenance of this action have been performed, have occurred prior to its institution, or have been waived.

## PARTIES

9. The Plaintiff, Edward R. Fanz, is a citizen of the State of New Jersey and resides at 701 Dana Dr., Atco, NJ 08004.

10. The Defendant, Sage HealthCare Partners, was and still is a domestic corporation existing with its principal office located at 395 Pearsall Ave., Suite K, Cedarhurst, NY 11516, and its relevant place of business at Allegria at the Fountains, 114 Hayes Mill Road, Atco, NJ 08004.

## FACTS

11. The Plaintiff has been employed at the CCRC in question since 1994 (approximately 27 years), originally as the Director of Housekeeping.

12. Approximately two years ago, the CCRC was bought by the Defendant, Sage HealthCare Partners.

13. The Plaintiff's position prior to termination was as Director of Maintenance.

14. Throughout the Plaintiff's employment with the Defendant, the Plaintiff consistently had exemplary performance, and up until the incidents forming the basis for this lawsuit, had never had his performance questioned or faced discipline.

15. On or about early 2021, the Plaintiff first began receiving pushback from his recently hired Chief Operations Officer Elyse Mendel (hereinafter, "Mendel"), a younger individual than the Plaintiff, and also recently promoted Regional Director of Building Services Toni Foster (hereinafter, "Foster"), another significantly younger individual, and one who lacked experience in the CCRC field.

16. Although in the past the Plaintiff's judgment had not been questioned with respect to his duties in the past, Mendel in particular began progressively reducing his role in the decision-making process, and nearly every recommendation he made for the community was questioned or shut down immediately.

17. In early Spring of that year, a colleague of the Plaintiff's was promoted to being his immediate supervisor, as a new intermediary between Mendel and the Plaintiff.

18. Shortly thereafter, the Plaintiff was told that all of his decisions would need to be approved by Mendel prior to them being implemented.

19. At about this time, the Plaintiff learned that the Defendant had posted a job opening **for his position** as Director of Maintenance on the website Indeed.com on at least two different occasions, one occasion of which the position was posted by Avi Satt, the President of the Defendant (hereinafter, "Satt").

20. On or about May 13, 2021, the Plaintiff met with Kim Bancroft, the Defendant's Assistant Human Resources Director, and Foster, who could not satisfactorily explain why the Defendant had begun seeking to replace him, surreptitiously posting advertisements for his job.

21. On information and belief, this behavior of the Defendant constitutes a course of conduct intended to belittle, frustrate, and humiliate the Plaintiff, and to encourage him to resign.

22. On or about August 13, 2021, the Defendant notified the Plaintiff that the company was "moving in a different direction" and terminated him without cause.

23. Upon information and belief, the Defendant immediately hired a significantly younger employee to replace the Plaintiff in the Director of Maintenance position.

24. On information and belief, the new Director of Maintenance was hired without the similar or substantial experience that the Plaintiff had in the CCRC field.

25. On information and belief, the new Director of Maintenance was less qualified than the Plaintiff

26. On information and belief, the Plaintiff was terminated solely or primarily due to his age, and replaced with a younger, less experienced employee.

27. As a result, the Defendant's behavior has established a pattern and practice of discrimination and retaliation through their actions.

## COUNT I
## PURSUANT TO THE AGE
## DISCRIMINATION IN EMPLOYMENT ACT
## OF 1967

28. The Plaintiff incorporates, repeats, and realleges the allegations made in paragraphs 1 through 27 above.

29. The Age Discrimination in Employment Act of 1967 provides that:

> it shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual otherwise discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age…

29 U.S.C.A. § 623(a).

30. The Defendant engaged in an unlawful discriminatory practice in violation of the ADEA by discharging the Plaintiff.

31. The Defendant also engaged in an unlawful discriminatory practice in violation of the ADEA by hiring an individual as the Plaintiff's supervisor who greater than 15 years younger than the Plaintiff without giving the Plaintiff the opportunity to apply for said position.

32. The Plaintiff was at all relevant times to this action 64-years-old and upon information or belief was fired as the result of his age.

33. The Plaintiff hereby states her claim against defendants under all of the applicable paragraphs of the ADEA.

<u>**COUNT II**</u>
<u>**DISCRIMINATION UNDER THE NEW**</u>
<u>**JERSEY LAW AGAINST DISCRIMINATION**</u>
<u>**N.J.S.A. 10:5-1, *et seq.* (NJLAD)**</u>

34. The Plaintiff incorporates, repeats, and realleges the allegations made in paragraphs 1 through 27 above.

35. Pursuant to the New Jersey Law Against Discrimination (hereinafter, the "NJLAD"), it shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:

> For an employer, because of the race, creed, color, national origin, ancestry, **age**, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, pregnancy or

> breastfeeding, sex, gender identity or expression, disability…to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

N.J. Stat. § 10:5-12 (a) (emphasis added).

36. The Plaintiff was at all relevant times to this action 64-years-old and upon information or belief was fired as the result of his age.

37. Here, the Defendant engaged in an unlawful discriminatory practice in violation of N.J. Stat. § 10:5-12 (a) by discriminating against the Plaintiff by treating him differently than similarly situated (but younger) employees, due to his age, during the course of employment, and by terminating him due to his age.

38. As a result, the Plaintiff suffered economic and non-economic termination damages including loss of income, emotional distress damages for embarrassment and humiliation, and punitive damages.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: November 15, 2022

BY:

    /s/ Andres Jalon
**ANDRES JALON, ESQUIRE**
Jalon & Associates
Centre Square West, Suite 2727
1500 Market Street
Philadelphia, Pennsylvania 19102
ajalon@jalonesq.com
(215) 844-8444 (office)
(215) 985-3610 (facsimile)
*Attorney for the Plaintiff*
*(Pro Hac Vice Pending)*

    /s/ Terrell Ratliff
**TERRELL RATLIFF, ESQUIRE**
Attorney ID: 017852011
Law Office of Terrell A. Ratliff
811 Church Road – Suite 105
Cherry Hill, NJ 08002
Phone: (856) 344-3808
Mobile: (856) 210-3086
Fax: (856) 206-4700
Email: Terrell@ratliffesq.com
*Attorney for the Plaintiff*